1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   H. DYMITRI HARASZEWSKI,              No.  2:13-cv-2494 DAD P

12              Plaintiff,

13      v.                                ORDER

14   KNIPP, Warden.

15              Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. §

18   1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).[1]

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22      I.  Screening Analysis

23          The court is required to screen complaints brought by prisoners who seek relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26

27   _____

     [1]  The court apologizes for the delay in issuing this screening order.  Unfortunately, the
     undersigned was unaware of plaintiff's filing of the original complaint in this action until plaintiff
28   recently filed a motion to amend the original complaint.

                                            1

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989); Franklin, 745 F.2d at 1227.

10         When considering whether a complaint states a claim upon which relief can be granted,

11   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

12   construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

13   U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

14   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

15   state a claim, a pro se complaint must contain more than "naked assertions," "labels and

16   conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

17   v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements

18   of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal,

19   556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have

20   facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

21   pleads factual content that allows the court to draw the reasonable inference that the defendant is

22   liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are

23   considered to be part of the complaint for purposes of a motion to dismiss for failure to state a

24   claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

25         Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

26   notice and state the elements of each claim plainly and succinctly.  Jones v. Community Redev.

27   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of

28   particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Therefore

2

1    the complaint must allege in specific terms how each named defendant is involved.  There can be

2    no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between

3    an individual defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

4    (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

5    (9th Cir. 1978).

6           Here, plaintiff has named one specific individual – Warden Knipp at Mule Creek State

7    Prison, where the alleged violations took place – and five John Does as the defendants in this

8    action.  As for Warden Knipp's potential liability, a state actor in a supervisory position cannot be

9    held individually liable in a civil rights action for the constitutional violations of a subordinate.

10   See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  To state a claim against a supervisor, a

11   plaintiff must aver some causal connection between the supervisor's conduct and the violation.

12   See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  Here, plaintiff does

13   not allege facts attributing any of the alleged constitutional violations directly to the warden.  In

14   fact, he makes it clear in his complaint that he means to sue either the warden or the warden's

15   "equivalent" between 2011 and 2013, indicating an intention to include whoever was in charge at

16   Mule Creek at the times relevant to the complaint because he was in charge, not because he

17   participated directly in a constitutional tort against plaintiff.  (Complaint at 3.)  It is well

18   established that such vague and conclusory allegations of official participation in civil rights

19   violations are not sufficient to state a cognizable claim.  Ivey v. Board of Regents, 673 F.2d 266,

20   268 (9th Cir. 1982).  Therefore plaintiff cannot maintain a cause of action against defendant

21   Knipp.

22          As for the John Doe defendants, there is no provision in the Federal Rules of Civil

23   Procedure for including unnamed defendants in a complaint.  The use of John Does in pleading

24   practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637,

25   642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v.

26   Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  Eventually plaintiff may be afforded an

27   opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is

28   clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after

3

1    the court is satisfied he has exhausted every other possibility of finding their names.  Since by this

2    order plaintiff will be granted leave to file an amended complaint, he must use the time given to

3    amend to do everything he can to supply the names of the Doe defendants without further

4    assistance from the court. He may seek extensions of time for the filing of an amended complaint

5    for that purpose if necessary.

6           Giving plaintiff's complaint a liberal reading, it appears that he is attempting to allege the

7    following as civil rights violations committed by correctional officers at Mule Creek:  interfering

8    and tampering with plaintiff's mail, deprivation of private property, placement in administrative

9    segregation without due process, and retaliation.  (See Complaint (ECF No. 1) at 3.)  The court's

10   screening analysis examines each claim, below.

11          A.   Interfering and Tampering With Mail

12          The First Amendment protects prisoners' right to communicate through the mail with non-

13   inmates, but that right is restricted by legitimate penological or security concerns.  See Procunier

14   v. Martinez, 416 U.S. 396, 408-08 (1974).  The First Amendment also protects prisoners' right of

15   access to the courts, which includes the ability to file papers with and meet deadlines set by a

16   court of law.  Bounds v. Smith, 430 U.S. 817, 821-22 (1977).  Therefore "[d]efective mail-

17   handling procedures" – which includes intentional delay or obstruction of delivery, as plaintiff

18   alleges here – "may under some circumstances violate an inmate's First Amendment right of

19   access to the courts."  Pope v. Garcia, No. 2:11-cv-0101 LKK AC P, 2013 WL 796020 at *5

20   (E.D. Cal. Mar. 4, 2013) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996), and Bounds, 430 U.S.

21   at 821-22).  However, a prisoner claiming that his right of access to the courts has been violated

22   must allege and show that  (1) access was so limited as to be unreasonable and (2) the inadequate

23   access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner

24   cannot make conclusory declarations of injury to claim his access to the courts was blocked.

25   Instead, he must allege and demonstrate that a non-frivolous legal claim has been frustrated or

26   impeded.  Furthermore, it is not enough for an inmate to claim some sort of denial.  Rather, an

27   "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

28   inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348.

4

1   Here, plaintiff alleges long delays in his ingoing and outgoing legal mail as well as non-

2   delivery and "missing pages," but he does not specify who is allegedly responsible for these

3   interferences or what "actual injury," as that requirement is defined above, occurred as a result.

4   This lack of detail in the allegations of the original complaint means that, for purposes of 28

5   U.S.C. § 1915A, plaintiff has not sufficiently alleged a claim under the Civil Rights Act.

6   However, successfully identifying the John Does allegedly responsible for interfering with

7   plaintiff's mail would, with the factual allegations already made here, suffice for plaintiff to go

8   forward with such a claim under § 1915A.

9     B. Deprivation of Property

10    Neither the negligent nor intentional deprivation of property states a due process claim

11   under § 1983 if the deprivation was random and unauthorized.  See Parratt v. Taylor, 451 U.S.

12   527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on

13   other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S.

14   517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate

15   state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides

16   sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990).  California

17   law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813,

18   816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895).  Therefore, plaintiff fails to state a

19   cognizable claim under the Civil Rights Act for deprivation of his property.  Furthermore, naming

20   an actual defendant in place of John Doe would not cure this pleading deficiency.  Plaintiff cannot

21   proceed on a claim for deprivation of property based on the facts he has alleged in his original

22   complaint.

23     C. Due Process

24    When a prison official decides to place an inmate in administrative segregation, due

25   process requires the following minimal procedures:

26      Prison officials must hold an informal nonadversary hearing within
   a reasonable time after the prisoner is segregated. The prison

27      officials must inform the prisoner of the charges against the
   prisoner or their reasons for considering segregation. Prison

28      officials must allow the prisoner to present his views.

> ... [T]he due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. [D]ue process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). The retention of a prisoner in administrative segregation must also be subject to periodic review.  Id. at 1101.

Here, plaintiff alleges in his complaint that he was placed in ad-seg for over a month "with no intelligible justification ever provided." (Complaint at 3.)  This allegation suffices to state a due process claim under Toussaint, but, again, plaintiff has not named any official responsible for the alleged constitutional violation.  He must do so to proceed with a due process claim under the Civil Rights Act and 28 U.S.C. § 1915A.

D.  Retaliation

Retaliation by a state actor for the exercise of a constitutional right is actionable under § 1983 even if the act would have been proper or justified under different circumstances.  See Mt. Healthy City Bd. of Education v. Doyle, 429 U.S. 274, 283-84 (1977).  In the prison context, a plaintiff must allege and show:  (1) that a state actor took some adverse action against him (2) because of (3) the prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Crane v. Hatton, No. C 06-6910 JF (PR), 2007 WL 1518437, at *3 (N.D. Cal. May 22, 2007).

Here, the plaintiff alleges prison officials retaliated against him for filing grievances through the administrative appeals process available to all California state prisoners. That allegation suffices to state a cognizable claim of retaliation.  However, once again, plaintiff has not specified who allegedly made the threats or carried out any act of retaliation against him. Plaintiff must allege such details in order to proceed with this claim under the Civil Rights Act and 28 U.S.C. § 1915A.

/////

/////

6

## II.  Motion to Amend

Plaintiff seeks leave to file an amended complaint, which will be granted.  The court will examine the amended complaint according to the same screening standards described above. Plaintiff is admonished, therefore, to follow the general pleading guidelines described in this order's discussion of its screening analysis <u>and</u> to heed the court's findings as to each of his claims when he drafts his amended complaint.  Plaintiff is further informed that the court cannot refer to his original complaint in order to make the amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, **each claim and the involvement of each defendant must be sufficiently alleged.**

Finally, plaintiff is informed that failure to file an amended complaint or otherwise communicate with the court within the time allowed will result in an order that his case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1.  The original complaint is dismissed.  Plaintiff is granted thirty days in which to file a first amended complaint.

2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

3.  Plaintiff's motion to amend (ECF No. 9) is granted and, as noted, plaintiff shall have thirty days to file a first amended complaint.

Dated:  August 26, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
hara2494.screen

7