1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   H. DYMITRI HARASZEWSKI,                No.  2:13-cv-2494 DB P

12              Plaintiff,

13        v.                                ORDER

14   KNIPP, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction.

19   (ECF No. 5.) Pending now is plaintiff's motion for reconsideration of the December 16, 2015,

20   order screening his first amended complaint ("FAC"). (ECF No. 27.) Also pending is plaintiff's

21   ex parte motion to proceed under seal. (ECF No. 28.)

22   **I.      Procedural History**

23        Plaintiff, who at all relevant times was an inmate housed at Mule Creek State Prison

24   ("MCSP") in Ione, California, initiated this action on December 2, 2013. (ECF No. 1.) On August

25   26, 2015, the complaint was screened and dismissed with leave to amend for failure to link any

26   defendant to the conduct alleged. (ECF No. 6.)

27        On November 12, 2015, plaintiff filed a FAC naming the following MCSP employees as

28   defendants: Mailroom Supervisors Ray Garcia and D. Casagrande; Mailroom Staff Member T.

Reese; and "Special Officers" John Does 1-3. Plaintiff's allegations may be fairly summarized as follows: In November 2011, plaintiff was placed in segregation by unspecified individuals for one month "with no intelligible reason ever provided." After this period of segregation, plaintiff discovered that his property was missing. He claims this was either punitive or retributive, but he provides no details regarding what property went missing or who took it. In December 2011 and early 2012, plaintiff was threatened and intimidated by unspecified individuals to prevent him from complaining about the segregation and the missing property. Since December 2011, plaintiff has experienced interference with his mail, including missing pages from both incoming and outgoing mail, undelivered mail, extraordinarily delayed mail (up to 8 months), and legal mail opened outside of his presence. Plaintiff accuses Garcia, Reese, and Casagrande of this mail interference. He also claims that John Does 1-3 are responsible.

The FAC was screened on December 16, 2015, and found to state a cognizable First Amendment retaliation claim against Casagrande, Garcia, and Reese. (ECF Nos. 14, 16.) Additionally, the then-assigned magistrate judge found that plaintiff did not state a First Amendment mail tampering claim because he failed to allege "actual injury," and he did not state a due process claim because he had identified only Doe defendants. Plaintiff was thus directed to submit documents necessary to effectuate service on the three named defendants.

Before service could be ordered on the defendants, plaintiff moved for leave to file a second amended complaint ("SAC"). (ECF No. 20.) This request was granted, as was plaintiff's subsequent motion for an extension of time to file the amended pleading. (ECF Nos. 22, 26.)

Rather than file a SAC, however, plaintiff filed a motion for reconsideration of the December 6, 2015, order screening the FAC, and a motion to proceed under seal. These motions are now before the court.

## II.     Motion for Reconsideration

### A.     Legal Standard

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

1    diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

2    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

3    opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

4    discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

5    prospectively is no longer equitable; or (6) any other reason that justifies relief."

6         Eastern District Local Rule 230(j) also provides that a party moving for reconsideration

7    must demonstrate the "new or different facts or circumstances … claimed to exist which did not

8    exist or were not shown upon such prior motion, or what other grounds exist for the motion."

9         "A motion for reconsideration should not be granted, absent highly unusual

10   circumstances, unless the … court is presented with newly discovered evidence, committed clear

11   error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v.

12   Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking

13   reconsideration must show more than a disagreement with the Court's decision, and

14   'recapitulation...'" of that which was already considered by the court in rendering its decision.

15   United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting

16   Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)).

17        **B.     Discussion**

18        Plaintiff moves for reconsideration of the December 16, 2015, Screening Order on three

19   grounds: (1) the court applied the wrong legal standard to his mail-tampering claim; (2) the

20   retaliation claim was properly analyzed but also encompasses the conduct of still-unnamed Doe

21   defendants; and (3) the due process claim—which is premised not only on plaintiff's segregation,

22   but also on the theft of his personal property and the mail-handling issues—is directed against

23   John Doe defendants who will be identified at a later time.

24        On review of plaintiff's motion, the undersigned agrees that reconsideration is warranted,

25   though not entirely for the reasons asserted by plaintiff. Rather, reconsideration is necessary in

26   light of the clearly erroneous finding that the FAC stated a claim against the named defendants.

27   For the reasons set forth here, the court concludes that plaintiff's FAC fails to state a claim

28   against any defendant. It will therefore be dismissed with leave to amend.

3

1            **1.      The First Amendment**

2                    **a.      Mail-Tampering**

3            Plaintiff's FAC alleges that since December 2011, he has experienced a variety of

4    problems relating to the handling of his mail. He accuses all of the defendants—Garcia, Reese

5    Casagrande, and Does 1-3—of, inter alia, causing pages to go missing from his mail, not

6    delivering mail, and delaying mail.

7            The December 16, 2015, Screening Order interpreted plaintiff's mail-tampering claim as a

8    First Amendment access-to-court claim. See ECF No. 10 at 4 ("Therefore, '[d]effective mail-

9    handling procedures' – which includes intentional delay or obstruction of delivery, as plaintiff

10   alleges here – 'may under some circumstances violate an inmate's First Amendment right of

11   access to the courts.'") (citing Lewis v. Casey, 518 U.S. 343, 346 (1996), and Bounds v. Smith,

12   430 U.S. 817, 821-22 (1974)). Under this analysis, the then-assigned magistrate judge concluded

13   that plaintiff failed to state a First Amendment claim because he had not alleged actual injury, a

14   necessary element of an access-to-court claim.

15          Plaintiff contends this interpretation was incorrect because his complaints are not limited

16   to tampering with legal mail but are instead based on the improper withholding, delay, and

17   general tampering of his mail Plaintiff's argument has merit. Generally, prisoners have "a First

18   Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

19   However, there must be a "delicate balance" between prisoners' First Amendment rights and the

20   discretion given to prison administrators to govern the order and security of the prison.

21   Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). A prison may adopt regulations or practices

22   for incoming mail which impinge on a prisoner's First Amendment rights as long as the

23   regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S.

24   78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The Turner standard applies to regulations and

25   practices concerning all correspondence between prisoners and to regulations concerning

26   incoming mail received by prisoners from non-prisoners. Thornburgh, 490 U.S. at 413.

27          Nonetheless, isolated incidents of mail interference or tampering will not support a claim

28   under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d

346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). See also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).

Plaintiff's FAC does not challenge a regulation or practice concerning the handling of his mail. Instead, his allegations suggest isolated incidents of mail interference, none of which are actionable as presently alleged. Furthermore, plaintiff's claim that the defendants interfered with his mail is simply too conclusory to state a claim. Under Section 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978). Plaintiff's claim lacks the requisite level of specificity to impose liability on any one defendant.

Accordingly, plaintiff's mail tampering claim is dismissed with leave to amend.

### b.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's First Amendment retaliation claim also fails for lack of specificity. For example, he does not describe any protected conduct, and he fails to adequately link any protected conduct to the adverse actions of any defendant. This claim must also be dismissed.

////

1                   **2.**       **The Due Process Clause**

2                       **a.**       **Deprivation of Property**

3       The Due Process Clause protects prisoners from being deprived of their property without

4 due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, while an

5 authorized, intentional deprivation of property is actionable under the Due Process Clause, neither

6 negligent or "unauthorized intentional deprivations of property gives rise to a violation of the Due

7 Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer,

8 468 U.S. 517, 533 n. 14 (1983). In other words, only an authorized intentional deprivation of

9 property is actionable under the Due Process Clause. Authorized deprivations of property are

10 permissible if carried out pursuant to a regulation that is reasonably related to a legitimate

11 penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

12       As to this claim, plaintiff alleges only that he was deprived of his property without

13 authorization during his period of segregation. For this, plaintiff had an adequate postdeprivation

14 remedy under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal.

15 Gov't Code §§ 810–95). In the absence of any other allegations, and again in light of his failure to

16 link this deprivation to any defendant, this claim must be dismissed.

17                       **b.**       **Placement in Segregation**

18       Assignment to the SHU is an administrative measure rather than a disciplinary measure

19 and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th

20 Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). To satisfy due

21 process, the administrative segregation process must include an informal non-adversary hearing

22 within a reasonable time after being segregated, notice of the charges or the reasons segregation is

23 being considered, and an opportunity for the inmate to present his views. Toussaint v. McCarthy,

24 801 F.2d 1080, 1100 (9th Cir. 1986), overruled on other grounds by Sandin v. Connor, 515 U.S.

25 472, 481 (1995).

26       Plaintiff's claim concerning his placement in segregation also fails for lack of factual

27 specificity and failure to link this placement to any defendant. Though he claims that he was not

28 provided with an "intelligible" reason for his placement, he does not contend that he did not

receive notice of the charges, a hearing on the placement, and/or an opportunity to present his views. This claim will therefore be dismissed.

### c.        Withholding Inmate Mail

To the extent the FAC can be construed as stating a due process claim for the withholding of plaintiff's mail, the law is clear that "withhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396, 417-18 (1974), overturned in part by Thornburgh, 490 U.S. at 413-14. The "minimum procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. Id. at 418-19; Krug v. Lutz, 329 F.3d 692, 698 (9th Cir. 2003).

In the FAC, plaintiff claims that certain mail items were withheld, and he was able to file a grievance as to one of the items. In the absence of any allegations concerning the other mail items withheld, it appears that plaintiff had access to a grievance system to challenge the withholding of any mail. There is no due process violation on these facts, and this claim must also be dismissed.

For the foregoing reasons, plaintiff's FAC fails to state a claim and must be dismissed. The court will grant plaintiff an opportunity to file a second amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 U.S. 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

1    Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be

2    complete in itself without reference to any prior pleading. As a general rule, an amended

3    complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

4    Once an amended complaint is filed, the original complaint no longer serves any function in the

5    case. Therefore, in an amended complaint, as in an original complaint, each claim and the

6    involvement of each defendant must be sufficiently alleged. The amended complaint should be

7    clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and

8    be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.

9    R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

10   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

11   **III.    Motion to Seal**

12   Plaintiff next moves to seal the records in this case for fear of retaliation. He contends that

13   he has not—and cannot—name the Doe defendants due to potential threats to his safety. He

14   claims that he may soon be transferred to another institution, whereupon he will immediately

15   identify these defendants.

16   A party seeking to seal a judicial record bears the burden of overcoming a strong

17   presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172,

18   1178 (9th Cir. 2006). The party must "articulate compelling reasons supported by specific factual

19   findings that outweigh the general history of access and the public policies favoring disclosure,

20   such as the public interest in understanding the judicial process." Id. at 1178-79 (citation omitted).

21   In ruling on a motion to seal, the court must balance the competing interests of the public and the

22   party seeking to keep records secret. Id. at 1179.

23   Plaintiff has met the high burden of overcoming the presumption in favor of public access.

24   His generalized fear of harm at the hands of unidentified Doe defendants does not outweigh those

25   policies favoring disclosure. As with his pleading, plaintiff's claims are conclusory, lacking the

26   necessary factual details to proceed. Accordingly, this motion will be denied.

27   ////

28   ////

8

**IV.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for reconsideration (ECF No. 27) is GRANTED;

2.  The December 16, 2015, Screening Order (ECF No. 16) is VACATED;

3.  The November 12, 2015, first amended complaint (ECF No. 14) is DISMISSED with leave to amend;

4.  Plaintiff shall file a second amended complaint within thirty days from the date of this order. Failure to comply with this order may result in a dismissal of this action for failure to comply with a court order and failure to prosecute; and

5.  Plaintiff's ex parte motion to proceed under seal (ECF No. 28) is DENIED.

Dated:  November 14, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;hara2494.recons.

9