1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  H. DYMITRI HARASZEWSKI,                    No.  2:13-cv-2494 DB P

12          Plaintiff,

13      v.                                     ORDER

14  KNIPP, et al.,

15          Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under

18  42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19  U.S.C. § 636(b)(1).  Plaintiff's second amended complaint is now before the court for screening.

20                                  **BACKGROUND**

21          Plaintiff filed his original complaint here on December 2, 2013.  On screening, the court

22  found plaintiff appeared to be alleging claims for interference with his mail, deprivation of his

23  personal property, placement in administrative segregation without due process, and retaliation.

24  (See ECF No. 10.)  The complaint was dismissed with leave to amend so that plaintiff could show

25  a link between specific defendants and the alleged constitutional violations.

26          Plaintiff filed a first amended complaint on November 12, 2015.  (ECF No. 14.)  On

27  December 16, 2015, the court screened that complaint and found the only cognizable claim was

28  one for retaliation against defendants Garcia, Casagrande, and Reese.  (ECF No. 16.)   Plaintiff

1

1    sought reconsideration of that order and sought to proceed in this case under seal.  (ECF No. 28.)

2         On reconsideration, the undersigned found that the first amended complaint stated no

3    cognizable claims because it failed to state even the retaliation claim with sufficient particularity.

4    Plaintiff was advised again that he must demonstrate how each defendant personally participated

5    in the deprivation of his rights.  The court also considered plaintiff's argument that records in this

6    case should be sealed because plaintiff feared threats to his safety if he named the Doe

7    defendants.  The court found plaintiff failed to overcome the presumption in favor of public

8    access to court records and denied his motion.  The court permitted plaintiff an opportunity to file

9    a second amended complaint.  (See ECF No. 29.)

10        On February 6, 2017, plaintiff filed a second amended complaint.  (ECF No. 32.)

11                              **SCREENING**

12   **I.      Legal Standards**

13        The court is required to screen complaints brought by prisoners seeking relief against a

14   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

15   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

16   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

17   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

18        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

20   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

24   Cir. 1989); Franklin, 745 F.2d at 1227.

25        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

26   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

27   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

28   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

                                          2

1  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

2  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

3  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

4  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

5  McKeithen, 395 U.S. 411, 421 (1969).

6       **II.       Allegations in Plaintiff's Second Amended Complaint**

7            Plaintiff states that on November 26, 2011, two unnamed "yard officers" removed him

8  from a general population cell.  They also took a large bag of papers, books, and photos.  (Second

9  Am. Compl. ("SAC") (ECF No. 32) at 3.)  About an hour later, the same two officers returned

10 and handcuffed plaintiff for segregation processing.  Plaintiff was given a Form 114D, a

11 "placement notice," to sign.  The only reason given on the form for plaintiff's segregation was

12 that he was being investigated as a "threat to the safety and security" of the prison due to the

13 possession of "harassing material."  (Id. at 3-4.)

14           Plaintiff remained in segregation until December 29, 2011.  During that time, he had three

15 formal hearings, one interrogation, and two informal discussions with Captain Harrington.

16 However, he was never given any additional reasons why he had been placed in segregation.

17 According to plaintiff, Captain Harrington told him the 114D "did not state any intelligible

18 reason" for plaintiff's segregation.  (Id. at 4.)

19           Plaintiff then appears to quote from a document dated December 14, 2011, which may

20 have been authored by Captain Harrington, and which stated that the 114D did not provide

21 adequate information to permit plaintiff an opportunity to present a defense.  The document stated

22 that a new 114D should be issued.  According to plaintiff, he never received a revised 114D.  (Id.)

23           When plaintiff returned to the general population, he found that the large bag taken from

24 his cell was still missing.  The bag had a personal journal, letters and other printed material sent

25 from friends and family, photos, a book, and his notes on the book.  Plaintiff repeatedly asked for

26 return of his property.

27           In April 2012, an "ISU officer" called plaintiff in for an interview and demanded, in front

28 of a Facility A Sergeant, that plaintiff "'stop sending fucking paperwork' to his lieutenant about

3

[his] missing property."  The ISU officer told plaintiff that only three pages of documents had been taken, and reminded plaintiff that they had been returned.  When plaintiff began to talk about his other missing property, the officer "stood up and approached me with menace as I backed toward the door, snarling that "I already gave you your shit back, and now I told you to get the fuck out, and I won't tell you again."  Plaintiff stopped filing paperwork regarding his property after that threat.  (Id. at 5.)

Plaintiff contends this same ISU officer and two others threated him with retaliation during their November 29, 2011 interrogation of plaintiff while he was in segregation.  Plaintiff appears to be contending the officers threatened to have plaintiff transferred to a prison where he would experience violence if he kept "pushing the issue," apparently meaning trying to find out why he had been placed in segregation.  (Id. at 5-6.)

Plaintiff next contends he wrote a habeas petition while in segregation in late 2011.  However, he appears to be alleging the prison did not send it until August 2012.  (Id. at 6.)

Plaintiff states that he is primarily alleging a claim of interference with non-legal mail, which he believes has some sort of relationship to his segregation because it began then.  According to plaintiff, about 40% of his mail has been affected either by not being delivered, delivered with missing pages without explanation, or sent after an unusual and unexplained delay.  In addition, plaintiff states that two books were improperly denied him for no reason or for inappropriate reasons.  (Id. at 7-8.)

**III.     Does Plaintiff's Second Amended Complaint State Cognizable Claims?**

Plaintiff's second amended complaint suffers the same problem that his prior complaints have.  While plaintiff makes more specific allegations here, he has not identified which defendants have caused which harm.  Plaintiff has been advised twice previously that he must specifically identify what each defendant has done in order to state a cognizable claim.

With respect to the named defendants, plaintiff simply identifies them as working in the mail room.  He shows no specific link between interference with his mail and any of these defendants.  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844

4

1   F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

2   Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. Jan. 12, 2009)

3   ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant

4   with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

5          With respect to the Doe defendants, based on plaintiff's motion to proceed with this

6   action under seal, it is clear that plaintiff knows the identity of those defendants, but does not

7   wish to provide their names.  Even if the court found plaintiff had stated a cognizable claim

8   against any of those Doe defendants, the court cannot order the Marshal to serve process on any

9   Doe defendants until such defendants have been identified.  See, e.g., Castaneda v. Foston, No.

10   1:12-cv-00026-AWI-BAM (PC), 2013 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013), findings and

11   recos. adopted, 2014 WL 29631 (E.D. Cal. Jan. 3, 2014).

12          Plaintiff has had two prior opportunities to state cognizable claims.  The court was clear in

13   both prior screening orders and in the order on plaintiff's motion for reconsideration that plaintiff

14   must link each defendant to actions which demonstrate a constitutional violation.  Further, despite

15   the denial of his motion to proceed under seal, plaintiff still has not identified the Doe defendants.

16          Plaintiff will be given one final chance to amend his petition to identify, by name, what

17   each defendant has done.  Plaintiff is advised that he should carefully review the court's

18   November 15, 2016 order regarding his motion for reconsideration as it sets out the standards for

19   plaintiff's legal claims.   The court notes that, if plaintiff identifies the defendant responsible, he

20   may have stated a claim for retaliation based on the April 2012 incident with the "ISU officer."

21   He may also have stated a due process claim regarding his placement in segregation without

22   notice of the charges.  Again, however, plaintiff must name a responsible defendant.  The same is

23   true for plaintiff's claim regarding the withholding of his mail.  If he names the responsible party

24   or parties, he may have stated a due process claim.

25          For the foregoing reasons, IT IS HEREBY ORDERED as follows:

26          1.  The February 6, 2017 second amended complaint (ECF No. 32) is dismissed with

27              leave to amend; and

28   ////

2.  Plaintiff shall file a third amended complaint within thirty days from the date of this

order.  Failure to comply with this order will result in a dismissal of this action for

failure to comply with a court order and failure to prosecute.

Dated:  March 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hara2494.sac scrn