UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DYMITRI HARASZEWSKI, | No. 2:13-cv-2494 DB P |
| Plaintiff, | |
| v. | ORDER |
| KNIPP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges interference with his mail, deprivation of his personal property, placement in administrative segregation without due process, and retaliation.

Plaintiff has requested a third extension of time to file a third amended complaint pursuant to the court's order of March 8, 2017. (ECF No. 39.) Plaintiff complains about his library access. In addition, plaintiff seeks an order from the court requiring prison officials to provide him "ongoing PLU status." (ECF No. 35.)

Title 15, Section 3122 of the California Code of Regulations provides that inmates who have "established court deadlines" may apply for Priority Legal User ("PLU") status to the prison law libraries. An inmate granted PLU status "shall receive higher priority to prison law library resources than other inmates." Cal. Code Regs. tit. 15, § 3122(b). "An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can

demonstrate need for a longer period of PLU status based on extraordinary circumstances beyond the inmate's control." Id. § 3122(b)(6).

PLU status does not assure inmates unlimited access to the library. Inmates on PLU status "may receive a minimum of 4 hours per calendar week of requested physical law library access, as resources are available." Id. § 3123(b).

Plaintiff simply seeks additional access to the library without explaining why he requires it. Plaintiff has filed three complaints to date. Each was dismissed because plaintiff failed to specifically allege what each defendant had done that caused him harm. (See Orders filed Aug. 26, 2015; Nov. 15, 2016; and Mar. 8, 2017 (ECF Nos. 10, 29, 33).) Also in each order, plaintiff was advised of the legal standards for his claims. In the court's order filed March 8, 2017, plaintiff was informed that this is his final chance to file an amended complaint.

Plaintiff fails to show good cause for a court order requiring the prison to provide him additional or "ongoing" PLU access. The court will grant plaintiff's request for an extension of time. However, this is the last extension of time the court will grant. If plaintiff fails to file a third amended complaint within the time provided, this case will be dismissed for failure to prosecute. See E.D. Cal. R. 110; Fed. R Civ. P. 41(b).

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for "ongoing PLU status" (ECF No. 35) is denied; and
2. Plaintiff's motion for an extension of time (ECF No. 39) is granted. Plaintiff shall file his third amended complaint within twenty-one days of the date of this order. No further extensions of time will be granted. If plaintiff fails to file a timely third amended complaint, this case will be dismissed.

DATED: July 5, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hara2494.36sec.amc

2