| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| H. DYMITRI HARASZEWSKI, | No. 2:13-cv-2494 DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KNIPP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants retaliated against him, interfered with his mail, placed him in segregation as a punitive measure, and deprived him of his property. Before the court is plaintiff's motion to amend the third amended complaint. (ECF No. 46.)

**BACKGROUND**

Plaintiff filed his original complaint in December 2013 and, shortly thereafter, sought to amend it. (ECF Nos. 1, 9.) At that time, plaintiff also consented to the jurisdiction of a magistrate judge. (ECF No. 5.) The court granted the motion to amend and on November 12, 2015, plaintiff filed his first amended complaint. (ECF No. 14.) On screening, the court dismissed the first amended complaint with leave to amend. (ECF No. 29.) Plaintiff filed a second amended complaint on February 6, 2017. (ECF No. 32.) It was dismissed with leave to amend as well. (ECF No. 33.) On July 21, 2017, plaintiff filed a third amended complaint. (ECF

1

No. 42.) On screening, the undersigned dismissed plaintiff's claims against defendants B. Alkire, J. Lizarraga, P. Vanni, and Sergeant Sepulveda. (ECF No. 43.) In addition, the undersigned dismissed all of plaintiff's claims against the unnamed defendants, except one ISU officer. The court ordered the case to proceed on the following claims in the third amended complaint: (a) plaintiff's due process claim that defendant Austin failed to provide adequate notice for his placement in administrative segregation in December 2011; and (b) plaintiff's First Amendment and due process claims for mail interference against defendants Garcia, Reese, Casagrande, Sherlock, and Dowdy. The court informed plaintiff that if he is able to identify the ISU officer against whom the court found he had stated a cognizable retaliation claim, plaintiff's First Amendment retaliation claim would, at that time, be made part of this action as well. (Id. at 9.)

On December 20, 2017, plaintiff filed a motion to amend the third amended complaint to identify the previously unnamed ISU officer. (ECF No. 46.) Plaintiff identifies the defendant as Officer Lucca.

## MOTION TO AMEND

Because the court previously found plaintiff stated a cognizable claim against one unnamed defendant, who has now been identified as Officer Lucca, plaintiff's motion to amend (ECF No. 46) will be granted.

## WILLIAMS v. KING

On November 9, 2017, two days after the screening order issued in this case, the Ninth Circuit Court of Appeals held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, defendants were not served at the time the court issued its order dismissing some claims and defendants, and therefore had not appeared or consented to magistrate judge

2

jurisdiction. Accordingly, the undersigned magistrate judge lacked jurisdiction to dismiss plaintiff's claims and defendants based solely on plaintiff's consent.

In light of the holding in <u>Williams</u>, this court will recommend to the assigned district judge that he or she dismiss the defendants and claims previously dismissed by this court, for the reasons provided in the court's November 7, 2017 screening order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 46) is granted. Defendant Lucca shall be added to this action and service of the third amended complaint is appropriate on Lucca.

2. With the prior screening order, plaintiff was provided copies of the USM-285 form, summons, instruction sheet, and the third amended complaint. Plaintiff has not yet returned these documents for service on the six defendants identified in the November 7, 2017 screening order. He was provided an extension of time to do so. Those documents are currently due on January 15, 2018. With the addition of defendant Lucca, plaintiff shall submit the following documents by that date:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each of the following defendants: Austin, Garcia, Reese, Casagrande, Sherlock, Dowdy, and Lucca; and

    d. Eight copies of the endorsed third amended complaint filed July 21, 2017.

3. Plaintiff shall not attempt to effect service of the complaint on any defendant or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of cost.

4. The Clerk of the Court is directed to assign a district judge to this case.

Further, for the reasons set forth in the undersigned's November 7, 2017 order (ECF No. 43), IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants B. Alkire, J. Lizarraga, P. Vanni, Sergeant Sepulveda, and the unnamed defendants, except the defendant now identified as Lucca, be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hara2494.tac mta.fr