UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DYMITRI HARASZEWSKI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KNIPP, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-2494 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants retaliated against him, interfered with his mail, placed him in segregation as a punitive measure, and deprived him of his property. On December 2, 2019, plaintiff filed a document requesting service of the complaint on defendant Garcia. For the reasons set forth below, this court will give plaintiff an opportunity to attempt to have the complaint served on Garcia.

**BACKGROUND**

**I. Allegations of the Third Amended Complaint**

This case is proceeding on plaintiff's third amended complaint, filed July 21, 2017. (ECF No. 42.) Plaintiff alleges that on November 26, 2011 at Mule Creek State Prison ("MCSP"), he was removed from his cell and a large bag of his papers, books, and photos was confiscated. Plaintiff was then notified that he was being placed in administrative segregation ("ad seg")

1

because he was being investigated as a "threat to the safety and security" of the prison due to his possession of "harassing materials." Plaintiff contends the notice of the basis for the ad seg placement was insufficient to permit him to argue he should not be placed there. He had three formal hearings, one interrogation, and two informal discussions with officers about the basis for the segregation. Plaintiff alleges that he never received any specific reason for his ad seg placement.

Plaintiff further alleges that his cell in ad seg lacked a "desk, seat, bed, or any other basic cell 'amenity.'" It included only a toilet; a thin, bare mattress with no sheets on the concrete floor; "very little personal property," and no electricity for his appliances. Plaintiff was in this cell for 34 days.

Plaintiff then spent several months attempting to have his property returned. During that time, he was threatened by officers with harm if he did not stop complaining about the seizure of his property. As a result of those threats, plaintiff stopped his attempts to obtain his property. Finally, plaintiff alleges interference with his legal and other mail by several defendants.

**II. Procedural History**

When the court screened plaintiff's third amended complaint, it found plaintiff stated potentially cognizable claims against the following defendants: Austin, Sepulveda, Garcia, Reese, Casagrande, Sherlock, Dowdy and Lucca. (ECF No. 51.) After plaintiff submitted service documents for these eight defendants, the court ordered the United States Marshal to notify defendants of their right to waive service of the complaint and, if they did not do so, to personally serve the defendants. (ECF No. 54.) On June 8, 2018, executed waivers of service were returned by all defendants except defendant Garcia. (See ECF No. 57.)

Due to a clerical error, the Marshal did not file the unexecuted return of service for defendant Garcia until just recently. (See ECF No. 89.) That form states that the Marshal was unable to serve defendant Garcia because "Per the Litco/Office of Legal Affairs for CDCR, R. Garcia no longer works for MCSP or CDCR. Not willing to accept service."

In June 2019, the court granted defendant Austin's motion to dismiss. (ECF No. 79.) On July 10, the remaining defendants, except for defendant Garcia, filed an answer (ECF No. 80) and

on August 20, the court issued a Discovery and Scheduling Order setting deadlines of December 20, 2019 for discovery and March 20, 2020 for non-discovery pretrial motions (ECF No. 84.) The discovery deadline has been continued through January 20, 2020. (ECF No. 88.)

**MOTION FOR SERVICE ON GARCIA**

Typically, when the Marshal is unable to serve a defendant, the plaintiff and the court are informed right away. In this situation, the court will direct plaintiff to attempt to determine the defendant's address and, if he is unable to do so, to seek court help. Here, however, neither the court nor plaintiff was informed that Garcia had not been served. Because this case has been pending for a significant period of time, this court finds it in the interests of justice and most efficient to direct defendants' counsel to attempt to determine Garcia's address by contacting CDCR for Garcia's forwarding information.

If Garcia's contact information is available, this court will order the United States Marshal to serve Garcia quickly. At that time, the court will consider extending any deadlines in this case. However, if that contact information is not available, then the court cannot order service on Garcia. Plaintiff may then attempt to locate Garcia. However, the court will not stay these proceedings for that purpose.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for service on defendant Garcia (ECF No. 87) is granted in part;

2. Within ten days of the date of this order, counsel for defendants shall contact CDCR to attempt to determine an address for defendant Garcia.

3. Within fifteen days of the date of this order, counsel for defendants shall file and serve a statement with the court which either provides Garcia's address or explains why counsel was unable to obtain it.

Dated: December 16, 2019

DLB:9/DB/prisoner-civil rights/hara2494.garc serv

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE