UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DYMITRI HARASZEWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>KNIPP, et al.,<br><br>    Defendants. | No. 2:13-cv-2494 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants retaliated against him, interfered with his mail, placed him in segregation as a punitive measure, and deprived him of his property. Before the court are plaintiff's motion to amend his complaint, plaintiff's motion to require the prison to make copies, and defendants' motion to compel plaintiff to comply with discovery. For the reasons set forth below, this court will recommend plaintiff's motion to amend be denied, will deny without prejudice plaintiff's motion for copies, and will grant defendants' motion to compel.

## BACKGROUND

**I. Allegations of the Third Amended Complaint**

This case is proceeding on plaintiff's third amended complaint ("TAC"), filed July 21, 2017. (ECF No. 42.) Plaintiff alleges that on November 26, 2011 at Mule Creek State Prison ("MCSP"), he was removed from his cell and a large bag of his papers, books, and photos was

1

confiscated. Plaintiff was then notified that he was being placed in administrative segregation ("ad seg") because he was being investigated as a "threat to the safety and security" of the prison due to his possession of "harassing materials." Plaintiff contends the notice of the basis for the ad seg placement was insufficient to permit him to argue he should not be placed there. He had three formal hearings, one interrogation, and two informal discussions with officers about the basis for the segregation. Plaintiff alleges that he never received any specific reason for his ad seg placement.

Plaintiff further alleges that his cell in ad seg lacked a "desk, seat, bed, or any other basic cell 'amenity.'" It included only a toilet; a thin, bare mattress with no sheets on the concrete floor; "very little personal property," and no electricity for his appliances. Plaintiff was in this cell for 34 days.

Plaintiff then spent several months attempting to have his property returned. During that time, he was threatened by officers with harm if he did not stop complaining about the seizure of his property. As a result of those threats, plaintiff stopped his attempts to obtain his property. Finally, plaintiff alleges interference with his legal and other mail by several defendants.

**II. Procedural History**

When the court screened plaintiff's TAC, it found plaintiff stated potentially cognizable claims against the following defendants: Austin, Sepulveda, Garcia, Reese, Casagrande, Sherlock, Dowdy and Lucca. (ECF No. 51.) On July 10, 2019, all defendants, except defendant Garcia, filed an answer. (ECF No. 80.) Thus far, plaintiff has been unable to provide an address for service on Garcia. When plaintiff requested assistance in locating Garcia, the court directed defendants' counsel to contact the Department of Corrections and Rehabilitation to attempt to determine Garcia's address. (See ECF No. 91.) Counsel made that contact but CDCR did not have a forwarding address for Garcia. (See ECF No. 92.)

On August 20, 2019, this court issued a Discovery and Scheduling Order which set a discovery deadline of December 20, 2019 and a pretrial motion deadline of March 20, 2020. (ECF No, 84.) At plaintiff's request, this court continued the discovery deadline to January 20, 2020. (ECF No. 88.)

| | |
|---|---|
| 1 | On December 12, plaintiff filed a motion to amend his TAC. (ECF No. 90.) |
| 2 | Defendants oppose the motion. (ECF No. 93.) |
| 3 | On December 23, plaintiff filed a motion for an order requiring MCSP to make copies of |
| 4 | documents so that he can respond to defendants' discovery requests. (ECF No. 94.) On January |
| 5 | 13, 2020, defendants filed a motion to compel plaintiff to respond to discovery. (ECF No. 96.) |

**MOTION TO AMEND**

Plaintiff seeks to amend his complaint to add one defendant– "Lt. Knerl." Plaintiff states that through discovery he has learned that Knerl is one of the three Investigative Services Unit ("ISU") officers who interrogated him in 2011. Plaintiff also notes that defendants refer to a defendant "Bolton." However, plaintiff states that he never named Bolton in his complaint. He also notes that defendant Sherlock "appears to have disappeared" from this case.

In their opposition, defendants argue that plaintiff's motion is procedurally defective; plaintiff unduly delayed in bringing this motion; and plaintiff provides no basis to believe Knerl is an appropriate defendant in this action. Defendants do not address plaintiff's concerns regarding Bolton and Sherlock. The court notes that Sherlock was ordered served and, on June 8, 2018, through counsel, acknowledged receipt of the complaint. (ECF No. 57.) However, in the next filing from defendants, dated June 18, 2018, Sherlock is no longer listed as a defendant and Bolton's name appeared. As far as this court can tell, defendants' counsel have provided no explanation of the change. Defendants will be ordered to provide an explanation for this name change or substitution of defendants.

**I. Legal Standards**

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). However, the Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record. Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past.

Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit has interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The factors do not carry equal weight. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Id. "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim. See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6). Id. In that analysis, the court reviews the complaint for "facial plausibility." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Finally, any motion to amend the complaint must attach a copy of the amended complaint. E.D. Cal. R. 137(c). That amended complaint must explain the new claims against the new defendants by (a) identifying a person, (b) briefly describing what that person did or did not do, and (c) explaining why that person's conduct violated plaintiff's constitutional rights.

**II. Analysis**

This court finds plaintiff's motion is defective on a number of grounds. As defendants point out, it is likely untimely. However, the primary problem with plaintiff's motion is that this

4

court previously found plaintiff had not stated claims cognizable under § 1983 against the two remaining unnamed ISU officers.

In his motion, plaintiff simply states that Knerl is one of the three ISU officers who interrogated him. He notes that defendant Lucca is also one of those officers. In this court's order screening plaintiff's TAC, this court examined plaintiff's claims against the three ISU officers. This court described plaintiff's relevant allegations as follows:

> [plaintiff] was threatened at the November 29, 2011 interrogation by three unidentified ISU officers to stop complaining about the return of his property or he would be subjected to police harassment. However, plaintiff does not allege that those threats caused him to stop trying to get his property back. Rather, it was after the April 2012 interrogation when one of these ISU officers told plaintiff to "stop sending fucking paperwork," and "snarl[ed] 'I already gave you your shit back and now I told you to get the fuck out, and I won't tell you again.'" Plaintiff appears to be alleging that the combination of these threats caused him to stop attempting to have his property returned. A threat of harm is sufficient to support a retaliation claim.

(ECF No. 51 at 6 (citations omitted).) This court then held that plaintiff had sufficiently alleged a claim of retaliation against the one ISU officer involved in both the November 2011 interrogation and the April 2012 interrogation. In a 2017 motion to amend, plaintiff identified that one ISU officer as defendant Lucca. This court granted the motion to amend the complaint to include Lucca. (Id. at 7.)

In the screening order, this court also specifically held that plaintiff had not "alleged a cognizable retaliation claim against the two other ISU officers involved in only the November 2011 interrogation because he has not shown that their threats resulted in a chilling of his First Amendment rights." (ECF No. 51 at 7.) The new defendant plaintiff seeks to add is one of those two ISU officers. Plaintiff adds no new allegations against Knerl that might change this court's prior conclusion. Accordingly, this court will recommend plaintiff's motion to amend be denied on the basis that amendment of the complaint would be futile. Plaintiff cannot succeed on his claim against Knerl.

## MOTION FOR COPIES

Plaintiff requests an order requiring the prison library to make copies of plaintiff's documents that are responsive to defendants' discovery requests. He states that because some of

the documents are handwritten and partial pages, the librarian found his request for copies "unusual" and has refused to allow the copies to be made.

In their motion to compel, defendants also respond to plaintiff's request.[1] They provide a declaration from the MCSP librarian which states that plaintiff failed to comply with prison procedures for having copies made. In a reply, plaintiff states that he made an informal request for the copies and, when he received a negative response, did not make a formal request. In any event, plaintiff states that he is willing to provide all the documents requested by defendants as soon as he is permitted to make copies.

Discovery should be self-generating and not involve the court, unless the parties have disputes about it. If plaintiff is having difficulty providing a response to defendants' discovery requests, plaintiff should contact defendants' counsel for assistance before contacting the court. At this point, this court expects that plaintiff has complied with prison rules for having copies made and has been permitted to make the copies required to respond to defendants' discovery requests. If that is not the case, plaintiff shall notify defendants' counsel immediately and defendants' counsel shall contact the prison litigation coordinator to attempt to resolve the problem.

**MOTION TO COMPEL**

Plaintiff does not contest defendants' motion to compel responses to their document production requests. Accordingly, that motion will be granted.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a court order requiring the MCSP library to make copies (ECF No. 94) is denied without prejudice.

////

---

[1] One argument defendants make is that plaintiff failed to "meet and confer" before filing his motion. The court finds that argument strange. The meet-and-confer requirement applies to discovery motions. E.D. Cal. R. 251. While plaintiff titled his motion a motion to compel, it is very obviously not a discovery motion. Moreover, the meet-and-confer requirement does not apply in prisoner cases. The court's April 2, 2018 Order specifically states that motions concerning discovery shall be briefed pursuant to Local Rule 230(l). (ECF No. 54 at 3.) Rule 230(l) contains no meet-and-confer requirement.

6

2. Within ten days of the filed date of this order, defendants' counsel shall file and serve a document indicating why Bolton is now identified as a defendant and Sherlock is not.

3. Defendants' motion to compel (ECF No. 96) is granted. Within twenty days of the filed date of this order, plaintiff shall place in the mail copies of the documents responsive to defendants' request for production of documents.

Further, IT IS RECOMMENDED that plaintiff's motion to amend (ECF No. 90) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-civil rights/hara2494.mta