UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DYMITRI HARASZEWSKI, | No. 2:13-cv-2494 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| KNIPP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff alleges defendants retaliated against him, interfered with his mail, placed him in segregation as a punitive measure, and deprived him of his property. Before the court are plaintiff's motions to inspect sealed documents, for appointment of an investigator, and for an extension of time. For the reasons set forth below, plaintiff's motions to inspect documents and for an investigator are denied. Plaintiff's motion for an extension of time is granted in part.

**BACKGROUND**

This case is proceeding on plaintiff's third amended complaint. Plaintiff alleges that on November 26, 2011 at Mule Creek State Prison ("MCSP"), he was removed from his cell and a large bag of his papers, books, and photos was confiscated. Plaintiff was then notified that he was being placed in administrative segregation ("ad seg") because he was being investigated as a "threat to the safety and security" of the prison due to his possession of "harassing materials."

1  Plaintiff contends the notice of the basis for the ad seg placement was insufficient to permit him
2  to argue he should not be placed there.  He had three formal hearings, one interrogation, and two
3  informal discussions with officers about the basis for the segregation.  Plaintiff alleges that he
4  never received any specific reason for his ad seg placement.

5  Plaintiff further alleges that his cell in ad seg lacked a "desk, seat, bed, or any other basic
6  cell 'amenity.'"  It included only a toilet; a thin, bare mattress with no sheets on the concrete
7  floor; "very little personal property," and no electricity for his appliances.  Plaintiff was in this
8  cell for 34 days.

9  Plaintiff then spent several months attempting to have his property returned.  During that
10 time, he was threatened by officers with harm if he did not stop complaining about the seizure of
11 his property.  As a result of those threats, plaintiff stopped his attempts to obtain his property.
12 Finally, plaintiff alleges interference with his legal and other mail by several defendants.

## MOTION TO INSPECT SEALED DOCUMENTS

14 On June 29, 2020, defendants filed a motion for summary judgment.  As relevant here,
15 defendants argue that they prevented plaintiff from receiving some materials by mail because they
16 deemed them obscene under California regulations.  Defendants provide the declarations of three
17 officers regarding the prohibited materials.  (Decl. of K. Bolton (ECF No. 121-2); Decl. of J.
18 Dowdy (ECF No. 121-4); and Decl. of R. Jimenez (ECF No. 121-6).)  Defendants sought to file
19 under seal the materials, included as exhibits to the officers' declarations, that plaintiff was
20 prohibited from receiving.  This court granted that motion and defendants then filed under seal
21 Ex. A to the Declaration of K. Bolton; Exs. C, K, and M to the Declaration of J. Dowdy; and Exs.
22 A through D to the Declaration of R. Jimenez.  (See ECF Nos. 128-132.)

23 In his motion for the production of the sealed documents, plaintiff complains that he
24 cannot determine whether or not he should oppose the motion to seal because he does not know
25 just what the exhibits contain.  This court rejects that argument.  In their publicly-filed
26 declarations, Bolton, Dowdy, and Jimenez described the prohibited materials with sufficient
27 specificity for plaintiff to determine whether to challenge the request to seal.  Permitting plaintiff
28 to review the documents would give plaintiff, and others, "a perverse incentive to file a lawsuit in

order to gain access to a publication that he would not otherwise be able to receive." Miskam v. McAllister, No. CIV. 2:08-02229 JMS, 2011 WL 1549339, at *9 (E.D. Cal. Apr. 21, 2011). Plaintiff's motion to inspect the sealed documents with be denied.

## MOTION FOR AN INVESTIGATOR

Plaintiff seeks the appointment of an investigator, paralegal, or other assistant to help him locate an address for defendant Garcia. "'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (alteration in original) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). The in forma pauperis statute does not authorize the expenditure of public funds on a paralegal or for an investigator. 28 U.S.C. § 1915.

This court understands that it is difficult for a prisoner to conduct the research necessary to locate a defendant. For that reason, this court asked defendants' counsel to contact the California Department of Corrections and Rehabilitation for contact information for Garcia. However, it is not defendants' responsibility to provide plaintiff with that information. As plaintiff has been informed several times in this proceeding, the responsibility to provide an address to serve a defendant is his.

Because the court lacks authority to provide plaintiff funding for any sort of investigative assistance, plaintiff's request will be denied.

## MOTION FOR AN EXTENSION OF TIME

Plaintiff seeks a 45-day extension of time to file objections to this court's August 12, 2020 findings and recommendations. Plaintiff states that he needs additional time to attempt to locate defendant Garcia. In addition, he cites his lack of library access based on the prison-wide restrictions on inmate movement due to the COVID-19 pandemic. As plaintiff was informed in this court's August 12 order, he has had a significant amount of time to attempt to locate Garcia; this court will not further delay these proceedings for that purpose. That said, this court recognizes that prison limitations on prisoner movement are causing delays in prisoners' access to legal materials. Accordingly, this court will grant plaintiff an additional thirty days to file any objections.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

    1. Plaintiff's motion to inspect sealed documents (ECF No. 134) is denied.

    2. Plaintiff's motion for the appointment of an investigator (ECF No. 136) is denied.

    3. Plaintiff's motion for an extension of time (ECF No. 137) is granted in part. Within thirty days of the filed date of this order, plaintiff shall file any objections to the August 12 findings and recommendations.

Dated: September 14, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hara2494.mots