UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DYMITRI HARASZEWSKI,<br><br>                            Plaintiff,<br><br>            v.<br><br>KNIPP, et al.,<br><br>                            Defendants. | No.  2:13-cv-2494 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Plaintiff alleges defendants retaliated against him, interfered with his mail, placed him in segregation as a punitive measure, and deprived him of his property.  Herein, this court considers plaintiff's delay in filing an opposition to defendants' summary judgment motion ("MSJ") based on plaintiff's recent filing explaining why he has not done so.

A review of the procedural history of this case shows that, despite several obstacles, plaintiff has had more than ample time to file an opposition to defendants' motion.  Defendants filed their MSJ on June 29, 2020.  At that time, two other motions were outstanding – plaintiff's motion to compel and his motion to amend his third amended complaint.  When plaintiff complained that defendants' MSJ was premature, this court reassured plaintiff that it would resolve his pending motions before requiring him to file an opposition to the MSJ.  Based on those unresolved motions and based on this court's recognition that prisoners' access to law libraries had been

1

limited by the shutdowns caused by the COVID-19 pandemic, this court informed the parties that it would set a deadline for plaintiff's opposition to the MSJ after the court resolved plaintiff's outstanding motions. (Order filed July 20, 2020 (ECF No. 125).)

After plaintiff's motions to compel and amend were resolved, on December 2, 2020, this court gave plaintiff sixty days to file his opposition to the MSJ, making it due January 30, 2021. (ECF No. 149.) In a document dated about December 18, 2020 and filed December 28, 2020, plaintiff informed the court that he had contracted the COVID-19 virus about a week prior, had been placed in segregated housing, and did not have access to legal materials. Plaintiff stated the he expected to recover quickly and did not expect to be confined to segregated housing for long. (ECF No. 150.)

When plaintiff did not file a timely opposition to defendants' MSJ nor provide the court with any further explanation for the delay, on February 17, 2021, this court ordered plaintiff to either submit the MSJ opposition or provide a reason that he could not do so within twenty days. (ECF No. 152.)

In a document filed March 11, 2021, plaintiff responded to that order. Plaintiff states that: (1) he is suffering lingering effects of his illness, including exhaustion and "mental unclarity;" (2) in the moves in and out of medical segregated housing, a number of plaintiff's legal documents for this case were lost; and (3) he is unable to use the law library because he cannot identify the volumes or cases he needs and the law librarians are unwilling to help with legal research.

With respect to his stated lack of library access, plaintiff was warned previously that to show good cause for an extension of time, he must provide more specificity about his library access and his need for materials. In November 2020, this court considered plaintiff's request for an extension of time on a separate issue. Plaintiff based that motion, in part, on his alleged lack of access to the law library. (See ECF No. 145.) This court denied plaintiff's motion. One of the bases for that denial was that plaintiff only generally contended he lacked library access. He failed to explain what he needed to research and why that research was necessary. (ECF No. 147.)

////

Plaintiff's current request similarly lacks specificity.  Plaintiff simply states that the librarians have refused to help with legal research and the system in place, requiring inmates to submit requests for specific volumes or cases, is not workable because he cannot request specific cases when he does not know what he needs.  (See ECF No. 153.)

Again, plaintiff makes no attempt to show what he has done to obtain research help, what issues he wants to research to oppose defendants' MSJ, or why that research is necessary to his opposition brief.  While the court is not unsympathetic to the difficulties inmates face to conduct legal research during restricted access, all inmates face that difficulty.  Plaintiff does not explain why he has been unable to conduct sufficient legal research during the extensive period of time before he contracted COVID-19 in early December.  Defendants filed the MSJ on June 29, 2020.  Plaintiff then had five months to prepare an opposition, including conducting legal research.  Plaintiff fails to show what he did to prepare his opposition during that time.  Further, plaintiff's simple assertion that he did not know what library materials to request demonstrates a lack of effort.  While undoubtedly difficult and time-consuming, plaintiff could have started his research with defendants' case citations and/or with legal materials discussing the subject matters raised in the motion.  Plaintiff fails to show he made any attempt to do so.

To the extent plaintiff may have been waiting for the resolution of his motion to compel before preparing his opposition brief, plaintiff's motion was denied on August 12, 2020.  (See ECF No. 153.)  He then had four months to prepare his brief before he contracted COVID-19.

This court recognizes that, if successful, plaintiff's attempt to amend the third amended complaint to re-cast his claims as being based on retaliation may have changed some aspects of the MSJ.[1]  In that case, this court accepts that plaintiff would have had some grounds to argue that it was most sensible to wait until the court resolved motion to amend before he started to prepare his opposition brief.  However, that argument would have applied to only a few, if any, issues raised by the MSJ.

////

---

[1] Plaintiff's motion to amend was ultimately unsuccessful.  (See ECF Nos. 115, 148.)

3

In the MSJ defendants argued that any claims against defendants Lucca and Sepulveda are unexhausted and untimely. (ECF No. 121-1 at 15-20.) Those arguments would apply equally to claims based on a theory of retaliation. With respect to the merits of plaintiff's claim regarding the search of his cell, Sepulveda argued that he was not involved in that search. (ECF No. 121-1 at 20.) Whether identified as a due process claim or a retaliation claim, plaintiff's opposition would have to address the issue of Sepulveda's involvement. With respect to plaintiff's claim that defendants violated his First Amendment rights by withholding his mail, defendants argue that they had a legitimate penological reason to do so. (ECF No. 121 at 20-23.) Whether the defendants' conduct was based on a legitimate penological interest is an essential issue in both a First Amendment mail claim, see Bahrampour v. Lampert, 356 F.3d 969, 975 (9th Cir. 2004), and a First Amendment retaliation claim, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Therefore, plaintiff had no reason to wait until the court resolved the motion to amend his third amended complaint before starting to prepare his opposition to the MSJ.

Plaintiff's failure to explain why he was unable to prepare his opposition prior to contracting COVID-19 also affects this court's consideration of the other bases for plaintiff's motion. With respect to plaintiff's statement that his health makes it difficult to prepare legal work, this court recognizes that COVID-19 sufferers may experience long-term consequences, such as exhaustion and brain fog, after recovering from the virus itself.[2] However, plaintiff did not contract COVID-19 until early December 2020. Moreover, plaintiff fails to show that those health conditions make it impossible for him to work on his opposition brief.

With respect to plaintiff's contention that he is missing legal documents, plaintiff does not explain why he requires those documents to prepare his opposition brief.

Plaintiff has not provided this court with adequate reasons why he has not prepared, or even made significant headway on, his opposition to the MSJ. At this point, over nine months have passed since defendants filed their MSJ. Plaintiff will be given one, final deadline to file his opposition. Plaintiff will be given no further extensions of time.

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within thirty days of the filed date of this order, plaintiff shall file his opposition to defendants' motion for summary judgment. No further extensions of time will be given for this purpose.

2. If plaintiff fails to file a timely opposition to defendants' motion, this court will recommend this action be dismissed for plaintiff's failure to prosecute and failure to comply with court orders. See E.D. Cal. R. 110; Fed. R. Civ. P. 41.

Dated: April 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/DB prisoner-inbox/civil rights/R/hara2494.msj eot3